---

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 7:15-cv-00044-O |
| v. ) | |
| ) | |
| 0.39 ACRES OF LAND, MORE OR ) | |
| LESS, SITUATE IN YOUNG COUNTY, ) | |
| TEXAS, UNKNOWN HEIRS OF ) | |
| TOSSIE LONG, et al., ) | |
| ) | |
| Defendants. ) | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION**

Before the Court is Plaintiff's motion to determine title. (ECF No. 50) This matter was referred to the undersigned for hearing, if necessary, and determination or recommendation to the District Court. (ECF No. 52). The United States, acting as amicus curiae, has recommended that the Court find the title owner of the property, as of the date of taking, were the heirs of Tossie Long. Testimony was presented by the United States at a hearing on June 21, 2016. Having heard and considered the motion, the Court makes the following findings of fact:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1358.

2. This is an eminent domain action brought pursuant to 40 U.S.C. §§ 3113 and 3114 to acquire 0.39 acres of unoccupied and unimproved land in Graham, Texas.

3. The Stewart Commitment for Title Insurance ("Commitment"), Exhibit 1 to the Memorandum in Support of the Motion to Determine Title (ECF No. 51-1), states that the property is owned by Tossie Long and his wife Gladys S. Long.

1

4. The record owners are both deceased and died intestate.

5. The United States filed this action to acquire the subject property, depositing $16,800 as estimated just compensation.

6. The Longs had three children, Billy Long (address unknown), Pearline Flury (deceased) and Bobby Gene Long (deceased).

7. Pearline Flurry had two children, Ivery Jefferson and Linda Morris.

8. Bobby Gene Long had seven children, Robert Gene Carter, Jr. (deceased), Marcus Tray Long (deceased), Bobby Lee Carter, Bobby Long, Jr., Nilas Jo Long, Marilyn Hurd Poke and Rose Ann Sikes.

9. Bobby Gene Long had two step-children, Larry Coleman and James Coleman.

10. Marcus Tray Long had two children, Markel Tray Long and Lojuana Shunta Long.

11. The United States attempted to serve the named parties it was able to locate.

12. The United States, pursuant to Rule 71.1(d)(3)(B) of the Federal Rules of Civil Procedure ("FRCP"), served by publication any remaining potential known and unknown owners.

13. Service is complete.

Based upon the foregoing findings of fact, the Court concludes:

1. The full just compensation payable by Plaintiff, United States of America, for the taking of the property identified in the Complaint and Declaration of Taking (ECF Nos. 1 and 3) filed herein shall be the sum of $16,800 inclusive of interest, that amount previously having been deposited by the United States as estimated just compensation.

2. The owners of the taken property, on the date of taking, were the heirs of Tossie Long and his wife, Gladys S. Long.

3. Billy Long, one of the three children of Tossie and Gladys Long is entitled to one-third (1/3) of the $16,800 determined to be just compensation, *i.e.*, $5,600.

4. Ivery Jefferson and Linda Morris, the two children of Pearline Flurry (one of the three children of Tossie and Gladys Long), are each entitled to $2,800 (said amount totaling $5,600).

5. The seven children (or their heirs) of Bobby Gene Long are each entitled to $800 (said amount totaling $5,600).

6. The two children of Marcus Tray Long (a child of Bobby Gene Long) are each entitled to $400 (said amount totaling $800).

7. The step-children of Bobby Gene Long, Larry Coleman and James Coleman, are not entitled to a portion of the proceeds from this condemnation.

## Recommendation

Based upon the foregoing findings of fact and conclusions of law, I recommend to the District Court that a Final Judgment be entered against Plaintiff in the previously deposited sum of $16,800.00 (said sum being full and just compensation) in full satisfaction of any and all claims of whatsoever nature against the United States by reason of the institution and prosecution of this action and the taking of the said lands and all appurtenances thereunto. I further recommend that Final Judgment be entered allocating said sum of $16,800.00 as stated in the conclusions, *supra*. By said judgment the Court should order the Clerk of the Court to draw checks and make the following distributions to those entitled owners whose addresses are known:

1. $2,800, together with the apportioned interest accrued while in the Registry of the Court, made payable to Ivery Jefferson, and mail said check to Ivery Jefferson, 611 Humphreys St., Wichita Falls, TX 76301-3524;

2. $800, together with the apportioned interest accrued while in the Registry of the Court, made payable to Nylas Jo Long, 1227 West 91st St. Apt. 1, Los Angeles, CA 90044-2005;

3. $800, together with the apportioned interest accrued while in the Registry of the Court, made payable to Bobby Long, Jr. 5901 Orange Ave. #9, Long Beach, CA 90805.

4. $400, together with the apportioned interest accrued while in the Registry of the Court, made payable to Markel Tray Long, 311 W. Oak, Olney TX 76374

By said judgment the Court should order the Clerk of the Court to retain the deposited funds for five years following entry of judgment and provide that the remaining heirs of Tossie Long may submit claims to the Court, and upon full proof of the right thereto, obtain an order directing payment of the funds the Court has found them entitled to. Further, pursuant to 28 U.S.C. § 2042, said judgment should direct the Clerk to thereafter deposit those funds into the Treasury in the name and to the credit of the United States and provide that thereafter any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment.

It is **SO ORDERED** on this 23rd day of June, 2016.

_____
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

### Standard Instruction to Litigants

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).